UNITED STATE DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------------X

DANIEL CANCELLERI,                                    Case No.:

                                    Plaintiff,        Complaint and Jury Demand

            -against-

ANGEL MANAGEMENT GROUP, HQ NIGHTCLUB, REVEL AC, INC.
and "JOHN DOES #1-2", persons intended being an employees
& bouncers employed by the above named Defendants,

                                    Defendant(s).

-----------------------------------------------------------------------------X

Plaintiff, DANIEL CANCELLERI, by and through his attorneys CARDILLO & KEYSER, P.C.,  as and

for his complaint against defendants, ANGEL MANAGEMENT GROUP, HQ NIGHTCLUB, REVEL

AC, INC, and "JOHN DOES #1-2", persons intended being employees and bouncers employed by

the above named Defendants alleges as follows:

## JURISDICTION AND VENUE

1.      Plaintiff commenced this action against Defendants ANGEL MANAGEMENT GROUP, HQ

NIGHTCLUB, REVEL AC, INC. and "JOHN DOES #1-2" persons intended being an employees &

bouncers employed by the above named Defendants, in the Supreme Court of the State of New

York, Kings County.

2.      The Defendants filed a motion to dismiss for lack of jurisdiction, it was dismissed

without prejudice.

3.      Venue is proper in the Eastern District of New York under 28 U.S.C. 1332.

1

## NATURE OF THE ACTION

4.    This is an action for detention, confinement, false arrest, false imprisonment, assault, battery, infliction of emotional distress, negligent hiring and conversion of property.

## PARTIES

5.    Plaintiff, DANIEL CANCELLERI (hereinafter referred to as "*Daniel*") is a natural person and was and is a citizen and resident of the City of New York, County of Kings, and State of New York.

6.    Defendant, ANGEL MANAGEMENT GROUP (hereinafter referred to as "*AMG*") is a company with its headquarters and principle place of business is in the County of Clark and State of Nevada.

7.    Defendant, HQ NIGHTCLUB (hereinafter referred to as "*HQ*") is a company with its headquarters and principle place of business is in the County of Atlantic and State of New Jersey.

8.    Defendant, REVEL AC, INC. (hereinafter referred to as "*REVEL*") is a Delaware Corporation authorized to do business in the State of New Jersey.

9.    Plaintiff is unaware of the true names of those sued herein as "John Doe".  Plaintiff will amend this complaint to allege said Defendants' true names when that information becomes known to him.  Plaintiff is informed, believe and thereon allege that these "John Does" Defendants are legally responsible and liable for the incident, injuries and damages and conversion of property, hereafter set forth, and that each of said Defendants proximately caused the injuries,   damages   and conversion of property by reason of negligence, carelessness, deliberate indifference, intentional, willful or wanton misconduct in creating and otherwise causing the incident, conditions and circumstances hereinafter set forth, or by

2

reason of direct or impugned negligence or vicarious fault or breach of duty arising out of the matters herein alleged.  Plaintiff will seek leave to amend this complaint to set forth said true names and identities of the "John Does" when they are ascertained.

10.     Each of the individual Defendants sued herein is sued both in his individual capacity as well as his official capacity.

11.     Plaintiff is informed and believe and thereon alleges that at all times herein mentioned, each of the Defendants, was the agent and/or employee and/or co-conspirator of each of the remaining Defendants, and in doing the things hereinafter alleged, was acting within the scope of such agency, employment and/or conspiracy, and with the permission and consent of other Co-Defendants.

### STATEMENT OF FACTS

12.     This complaint concerns the unfortunate and preventable incident which occurred in the early hours of May 19, 2013, at or about 2:40 a.m. and began within the HQ NIGHTCLUB, located at 500 Boardwalk, in the County of Atlantic and State of New Jersey.

13.     Defendant AMG through its shareholders, officers, directors, agents, servants and/or employees, owned the nightclub and bar commonly known as HQ located at 500 Boardwalk, in the County of Atlantic and State of New Jersey.

14.     Defendant AMG through its shareholders, officers, directors, agents, servants and/or employees, operated and managed the nightclub and bar commonly known as HQ located at 500 Boardwalk, in the County of Atlantic and State of New Jersey.

15.     Defendant, HQ, was a nightclub and bar open to the public and located at 500 Boardwalk, in the County of Atlantic and State of New Jersey.

3

16.     Defendant REVEL through its shareholders, officers, directors, agents, servants and/or employees, owned the nightclub and bar commonly known as HQ located at 500 Boardwalk, in the County of Atlantic and State of New Jersey.

17.     Defendant REVEL through its shareholders, officers, directors, agents, servants and/or employees, operated and managed the nightclub and bar commonly known as HQ located at 500 Boardwalk, in the County of Atlantic and State of New Jersey.

18.     Defendants, "JOHN DOES #1-2", are fictitious persons, whose names are presently unknown (hereinafter referred to as *"JOHN DOES"*). JOHN DOES were employees and bouncers and/or security guards who, at all times hereinafter mentioned were employed by Defendants, AMG, HQ and REVEL and were acting within the scope of their employment.

19.     On said date and at said time and location, Defendants "JOHN DOES" while in the course and scope of employment, and without legal cause or justification, unlawfully restraint, detained, arrested against his will and without legal justification and violently, intentionally assaulted and battered the Plaintiff DANIEL by striking the Plaintiff from behind and knocking him to the ground and while on the ground kick and punch the Plaintiff about the head, face and torso area.  While Plaintiff was on the ground the Defendants "JOHN DOES" unlawfully took and assumed control of the Plaintiff's Rolex watch.

20.     Defendants "JOHN DOES" then attempted to cover up the true facts of this incident by fabricating and implausible story that Plaintiff had attacked them.

21.     At no time did the Plaintiff DANIEL pose any threat to the Defendants "JOHN DOES" which would have justified the use of such excessive force as described herein.

## COUNT ONE BASED UPON FALSE ARREST AND/OR FALSE IMPRISONMENT

22.    Plaintiff, repeats, reiterates and realleges each and every allegation of this complaint contained within paragraphs "1" through "21", inclusive, with the same force and effect as though more fully set forth at length herein.

23.    At all times relevant  herein Defendants intentionally and unlawfully exercised force and/or the express or implied threat of force to restrain, detain or confine the Plaintiff.

24.    As such, Defendants directly caused the unlawful imprisonment of Plaintiff in HQ located at 500 Boardwalk, in the County of Atlantic and State of New Jersey.

25.    The restraint, detention or confinement compelled the Plaintiff to stay and/or go somewhere for some appreciable time, however short.

26.    The Plaintiff did not consent to the restraint, detention or confinement.

27.    As a direct and proximate result of the conduct of the Defendants, Plaintiff DANIEL suffered harm and damages including but not limited to the aforesaid damages.

28.    WHEREFORE, Plaintiff demands judgment for the false arrest and/or false imprisonment against all the Defendants jointly and severally, for actual, general, special, compensatory damages and further demands judgment against each of said Defendants, jointly and severally, for punitive damages, plus the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT TWO BASED UPON ASSAULT AND BATTERY

29.    Plaintiff, repeats, reiterates and realleges each and every allegation of this complaint contained within paragraphs "1" through "28", inclusive, with the same force and effect as though more fully set forth at length herein.

5

30.    Defendants "JOHN DOES" intentionally created an apprehension of immediate physical harm by means of overt gestures, to wit, kicking, punching, and choking of Plaintiff, DANIEL, for no known purpose other than to create in Plaintiff an apprehension of immediate physical harm.

31.    Any reasonable person would also become apprehensive in the face of Defendant, "JOHN DOES' threatening conduct.

32.    Without the consent of Plaintiff DANIEL, Defendants "JOHN DOES' intentionally, harmfully, and offensively touched Plaintiff, DANIEL by hitting, beating, punching, kicking, shoving and choking him.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally for actual, special, compensatory damages, punitive damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT THREE BASED UPON INFLICTION OF EMOTIONAL DISTRESS

33.    Plaintiff, repeats, reiterates and realleges each and every allegation of this complaint contained within paragraphs "1" through "32", inclusive, with the same force and effect as though more fully set forth at length herein.

34.    Defendants, "JOHN DOES" and each of them, intentionally and deliberately inflicted emotional distress on Plaintiff DANIEL by maliciously persecuting Plaintiff, or by threats, coercion, or intimidation, or knew or should have known that emotional distress was the likely result of their conduct.

35.    Defendants' conduct was extreme and outrageous, beyond all possible bounds of decency and utterly intolerable in a civilized community.

6

36.   The actions of each of the Defendants were the cause of Plaintiff's distress.

37.   The emotional distress sustained by Plaintiff was severe and of a nature that no reasonable man could be expected to endure.

38.   As a result of the Defendants' extreme and outrageous conduct Plaintiff will, with a high degree of likelihood, continue to be emotionally distressed due to the intentional acts of Defendants.

39.   As a result of the Defendants' extreme and outrageous conduct, Plaintiff has suffered and will continue to suffer mental pain and anguish, severe emotional trauma, embarrassment, and humiliation.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally for actual, special, compensatory damages, punitive damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT FOUR BASED UPON NEGLIGENT HIRING

40.   Plaintiff, repeats, reiterates and realleges each and every allegation of this complaint contained within paragraphs "1" through "39", inclusive, with the same force and effect as though more fully set forth at length herein.

41.   That the Defendants, AMG, HQ and REVEL  through their shareholders, officers, directors, agents, servants and/or employees were negligent in the hiring, training, supervision, management, control and retention of their employees, Defendants, "JOHN DOES".

42.   That the Defendants AMG, HQ and REVEL had a duty to use reasonable care in the employment, training, supervision, management, control and retention of its employees,

7

including Defendant, "JOHN DOES", to find out whether they were competent to do their work without danger of harm to others.

43.    That the Defendants, "JOHN DOES", were incompetent, of vicious propensities, of bad disposition.

44.    That the Defendants, AMG, HQ and REVEL knew, or should have known, that Defendants, "JOHN DOES", were incompetent, of vicious propensities, of bad disposition and failed to use reasonable care to correct or remove the employees.  In addition, the Defendants, AMG, HQ and REVEL knew of facts that would have lead a reasonably prudent person to conduct an investigation into the capacity and disposition of Defendants, "JOHN DOES", which could have uncovered the information about the employees and failed to do so, but failed to conduct any investigation of "John Does" prior to hiring them.

45.    As a result of the negligence of the Defendants, AMG, HQ and REVEL and Defendants "JOHN DOES" are liable to the plaintiff for the injuries and damages sustained by him as a result of the assault and battery upon the plaintiff.

46.    That, in addition, the Defendants, AMG, HQ and REVEL through their shareholders, officers, directors, agents, servants and/or employees were negligent in the ownership, operation, management, supervision, care, custody and control of the business known as HQ and of the premises at 500 Boardwalk, in the County of Atlantic and State of New Jersey.

47.    The Defendants, AMG, HQ and REVEL had a duty to use reasonable care to keep the aforesaid premises in a reasonably safe condition for the protection of all persons, and more particularly the plaintiff herein, lawfully upon and within the vicinity of the aforesaid premises.

8

48.   That the Defendants, AMG, HQ and REVEL breached this duty by failing to provide adequately for protection of persons lawfully upon, within, and without the premises and more particularly for the plaintiff herein; in failing to protect the plaintiff against injury caused by the conduct of third persons, including their employees, in failing to provide security, adequate security and/or proper security within and without the premises, although they knew or should have known of the dangers existing thereabouts; in failing to adequately patrol and supervise the premises and its employees, in failing to operate the business thereat in a reasonably safe manner in order to protect all persons lawfully upon the premises; in that they placed the plaintiff in a dangerous situation and a position of peril; in that they caused, created and/or contributed to the dangerous conditions and situations existing on the premises at the time of this occurrence; in failing to warn plaintiff of the dangerous conditions and situations existing at the time of this occurrence; in failing to supervise and/or adequately supervise the activities of their employees; in violating those statutes, rules, regulations and ordinances governing the management, security and control of premises held out to the public; and in failing to exercise the care, caution and judgment required of the Defendants under all the circumstances that existed at the time of the occurrence, and earlier. The Defendants, AMG, HQ and REVEL their agents, servants and employees were otherwise careless, reckless and negligent under the circumstances then and there existing.

49.   As a direct and proximate result of the negligence of the aforesaid Defendants, the plaintiff sustained serious and permanent bodily injuries to and about his limbs and body.

50.   That solely by reason of the aforesaid, the plaintiff became sick, sore, lame and disabled, suffered, and still suffers and will continue to suffer for some time to come, great mental and

9

physical pain, mental anguish and bodily injuries; that plaintiff has been informed and verily believes that future suffering will exist and that her injuries will be permanent with permanent pain, discomfort, inconvenience and other symptoms, signs and effects.

51.     That solely by reason of the aforesaid, this plaintiff was obliged to undergo medical care and treatment and will be obliged to undergo further care and treatment for some time to come.

52.     That solely by reason of the aforesaid, this plaintiff was unable to attend to his usual duties and occupation for some time; upon information and belief said plaintiff will be unable to do so or limited from doing so permanently or for some time in the future.

WHEREFORE, Plaintiff demands judgment against all Defendants jointly and severally for actual, special, compensatory damages, punitive damages, attorneys' fees and costs of the litigation in an amount deemed at time of trial to be just, fair, and appropriate.

## COUNT FIVE BASED UPON CONVERSION OF PROPERTY

53.     Plaintiff, repeats, reiterates and realleges each and every allegation of this complaint contained within paragraphs "1" through "52", inclusive, with the same force and effect as though more fully set forth at length herein.

54.     On and before May 19, 2013 plaintiff DANIEL owned and lawfully possessed a Rolex watch that was in good working order.

55.     On or about May 19, 2013, Defendants AMG, HQ and REVEL and their employees "JOHN DOES" stole, unlawfully took and assumed control of the plaintiff's Rolex watch and converted the same to their own use.

10

56.    Plaintiff's right to his property is absolute and unconditional, and no one else has any legal right to the property.

57.    The Defendants AMG, HQ, REVEL and their employees "JOHN DOES" assumption of control of this property was wrongful and without Plaintiff's authority.

58.    The value of the property at the time and place of Defendants' wrongful conversion was $10,000.00., worth a sum greater than an exact amount to be determined at trial

59.    That by reason of Defendants' conversion, of the Plaintiff's Rolex watch plaintiff has been damaged in the sum of $10,000.00, no part of which has been paid by Defendants.

60.    Plaintiff seeks an award for his property and for loss of use of said property in the sum of TEN THOUSAND ($10,000.00) DOLLARS.

**WHEREFORE**, plaintiff demands judgment against the all Defendants, jointly and severally in a sum which exceeds the jurisdictional limit of all lower Courts which would otherwise have jurisdiction for the first and second causes of action and TEN THOUSAND ($10,000.00) DOLLARS, together with the costs and disbursements of this action.

### REMEDY

61.    WHEREFORE, Plaintiff prays for judgment against all Defendants, as follows:

   a.  For joint and several general damages in an amount to be determined according to proof at trial; but in no instance to be less than One Hundred and Fifty Thousand Dollars ($150,000.00);

   b.  for punitive damages against each individual Defendant in an amount to be determined according to proof at trial; but in no instance to be less than One Hundred and Fifty Thousand Dollars ($150,000.00);

11

c. For actual losses due to conversion in the amount of Ten Thousand Dollars ($10,000);

d. For medical and related expenses according to proof at trial;

e. For costs of suit incurred herein;

f. Attorneys' fees, investigation fees and expert witness's fees incurred herein; and,

g. Such other and further relief as the Court deems just and proper.

## JURY DEMAND

62. Plaintiff, **DANIEL CANCELLERI** demands a trial by jury, pursuant to F.R.C.P. § 38(d), on all issues on which Plaintiff is so entitled.

Dated:        New York, New York
              May 15, 2014

Yours, etc.,

Christopher S. Cardillo, Esq.
CARDILLO & KEYSER, P.C
Attorney(s) for Plaintiff
DANIEL CANCELLERI
217 Broadway, Suite 505
New York, New York 10007
Telephone: 212-227-3930

12

**Civil Action No.:**

**United States District Court**
**Eastern District of New York**

<hr>

**DANIEL CANCELLERI**

Plaintiff (s)

-against-

**ANGEL MANAGEMENT GROUP, ANGEL MANAGEMENT GROUP "JOHN DOES #1-2 ", persons**
intended being an employees & bouncers employed by the above named defendants

Defendant(s)

<hr>

### CIVIL COVER SHEET, SUMMONS IN A CIVIL ACTION AND COMPLAINT

<hr>

**CARDILLO & KEYSER, P.C.**
*Attorneys for the Plaintiff*
217 Broadway, Suite 505
New York, New York 10007
T. 212-227-3930
F. 347-438-3015
E-mail: ccardillo@ckattorneys.com